Filed 1/31/22  P. v. Huante CA3
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092983 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F02676) |
| v. | OPINION ON TRANSFER |
| FRED HUANTE, | |
| Defendant and Appellant. | |

Defendant, Fred Huante, appeals the trial court's denial of his petition for resentencing under Penal Code[1] section 1170.95, enacted as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015).  He contends:  1) the trial court erred by denying his petition as to his murder conviction without an evidentiary hearing; and 2) he is entitled to resentencing for his conviction for attempted murder.  In an unpublished opinion, we reversed and remanded the order as to defendant's murder conviction and affirmed the order as to the attempted murder conviction.  (*People v. Huante* (Oct. 19, 2021, C092983 [nonpub. opn.].)  The Supreme Court granted review and transferred the

---

[1]     Undesignated section references are to the Penal Code.

1

matter back to us with directions to vacate our decision and reconsider the cause in light of Senate Bill No. 775. Upon reconsideration, we agree with defendant he is entitled to resentencing on both his murder and attempted murder convictions. Accordingly, we will reverse and remand with instructions to the trial court to appoint counsel for defendant and issue an order to show cause for further proceedings under section 1170.95.

## BACKGROUND

In 2011, in retaliation for the Flores brothers robbing him of drugs, defendant and codefendant Vincent Rivera committed two separate shootings. First, mistaking Paul Amaro's 1996 black Chevy Impala for Frankie Flores's, defendant shot at the Amaro brothers and injured Paul. Then, a few weeks later, the Flores brothers were at a mall in Frankie's Impala. Defendant and Rivera pulled up alongside them. Rivera had a gun. Rivera and defendant got out of their truck and, as the Flores brothers tried to leave, Rivera started shooting. Michael was shot twice, and Frankie was shot six times, including fatal shots to his lung and heart.

In 2013, a jury found defendant and his codefendant, Vincent Rivera, guilty of one count of first degree murder, three counts of attempted murder, and one count of shooting into an occupied motor vehicle. Defendant appealed. We affirmed the attempted murder and shooting into an occupied vehicle convictions. However, we conditionally reversed the first degree murder conviction based on instructional error that permitted the jury to find uncharged conspiracy liability for first degree murder under the natural and probable consequences doctrine. We remanded the matter and gave the People the option of accepting a reduction of the conviction to second degree murder or retrying defendant for first degree murder on a proper legal theory. On remand, the prosecution accepted the reduction of the murder conviction to second degree murder. The trial court sentenced defendant to 15 years to life on the murder conviction (count one) and seven years to life on each attempted murder conviction (counts two, five, and six), plus a 25-year-to-life

2

firearm enhancement on one attempted murder conviction (count five) and a 20-year firearm enhancement on a separate attempted murder conviction (count six).

In 2019, defendant filed a section 1170.95 petition for resentencing. The trial court appointed counsel. After briefing, the trial court denied the petition. The trial court concluded defendant's attempted murder convictions were not eligible for resentencing under section 1170.95. As to the murder conviction, relying on our appellate opinion, the trial court found, based on the evidence, a jury could still find defendant guilty of murder under various theories; as an aider or abettor to first or second degree murder or as a conspirator to commit murder. Thus, the court concluded the record demonstrated as a matter of law that defendant could be convicted of murder under multiple theories, and no evidentiary hearing was required.

## DISCUSSION

### I

### *General Statutory Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability. (Stats. 2018, ch. 1015, §§ 2 & 3.) It also added section 1170.95, which provides a procedure by which those convicted of murder premised on either a felony murder or natural and probable consequences theory can petition for retroactive relief, if the changes in the law would affect their previously sustained convictions; that is, if "[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (Stats. 2018, ch. 1015, § 4; § 1170.95, subd. (a)(3).)

3

Senate Bill No. 775 was signed into law on October 5, 2021, and clarifies that the petition process under section 1170.95 includes individuals convicted of "attempted murder . . . under the natural and probable consequences doctrine." (Sen. Bill No. 775 (2020-2021 Reg. Sess.) § 1, subd. (a).) Senate Bill No. 775 was passed as nonurgency legislation during the regular session and became effective on January 1, 2022. (Cal. Const., art. IV, § 8, subd. (c)(1); see also *People v. Camba* (1996) 50 Cal.App.4th 857, 862.) The statute applies to acts predating its enactment as either an ameliorative statute under *In re Estrada* (1965) 63 Cal.2d 740, 748 or a clarification of law (*Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 243; *People v. Lee* (2018) 24 Cal.App.5th 50, 57). In either case, defendant is entitled to the benefit of the new provisions to section 1170.95.[2]

Under subdivision (c) of section 1170.95, "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

II

*Murder Conviction*

Defendant contends the trial court erred when it denied his petition without a hearing because it weighed evidence in the record of conviction and used the substantial evidence test to deny the petition. The People agree the trial court engaged in judicial

---

[2] The People declined to file supplemental briefing.

fact finding on issues not conclusively resolved by the record of conviction and that the court should have issued an order to show cause. The parties thus agree the case should be remanded for further proceedings under section 1170.95. We agree.

Our Supreme Court has explained that subdivision (c) requires "only a single prima facie showing." (*People v. Lewis* (2021) 11 Cal.5th 952, 962.) A trial court "may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, [but] the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id*. at p. 971.) While appellate opinions "are generally considered to be part of the record of conviction, . . . the probative value of an appellate opinion is case-specific, and 'it is certainly correct that an appellate opinion might not supply all answers.' " (*Id*. at p. 972.) Thus, "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Ibid*.)

Here, defendant stated in his initial declaration that he was convicted of second degree murder under the natural and probable consequences doctrine, which would not have supported a murder conviction after the changes to sections 188 and 189. The record of conviction does not disprove this statement as a matter of law. To the contrary, our opinion in the direct appeal from defendant's conviction notes the fact that the instructions given permitted the jury to find defendant guilty based on the natural and

probable consequences doctrine. The facts in defendant's record of conviction thus do not conclusively contravene defendant's allegation that the changes to sections 188 and 189 eliminated the theory under which he was convicted.

At this stage of the petition review process under section 1170.95, subdivision (c), the trial court should not have engaged in any fact finding or made any factual inferences about whether defendant could theoretically have been found guilty on a now-valid ground. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815-816.) It was thus premature for the court to consider whether the facts in defendant's case gave rise to implied malice under section 188. Assuming the facts asserted in defendant's petition were true, as the court was required to do, defendant fulfilled the eligibility requirements listed in section 1170.95, subdivision (a). (*People v. Lewis*, *supra*, 11 Cal.5th at p. 972.) Thus, the trial court should have issued an order to show cause and held an evidentiary hearing. (*Id*. at p. 960.) We therefore reverse the trial court's order denying the petition as to defendant's murder conviction and remand with directions to issue an order to show cause under section 1170.95, subdivision (c) and hold a hearing under section 1170.95, subdivision (d). We express no opinion about whether defendant is entitled to relief following the hearing.

### III

*Attempted Murder Convictions*

Defendant argues attempted murder comes within the purview of Senate Bill No. 1437. In supplemental briefing following transfer, he notes that the murder of Frankie Flores (count one) and attempted murder conviction of Michael Flores (count two) are based on the same conduct occurring in a single course of conduct. The jury instructions as to both offenses permitted the jury to find defendant guilty under the natural and probable consequences doctrine. The trial court concluded, consistent with the unanimous appellate authority at the time, that section 1170.95 did not apply to attempted murder convictions. Senate Bill No. 775 has now clarified section 1170.95

6

does apply to attempted murder convictions.  Accordingly, defendant may be entitled to relief and we must reverse and remand the order denying relief.

## DISPOSITION

The order denying defendant's petition for resentencing under section 1170.95 as to his murder conviction and attempted murder conviction is reversed.  The matter is remanded with directions to issue an order to show cause and hold a hearing under section 1170.95, subdivision (d).


 /s/
Robie, J.


We concur:


 /s/
Blease Acting P. J.


 /s/
Duarte, J.